IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In the Matter of THE COMPLAINT OF PARADISE PARASAIL, LLC, as Owner of the Personal Watercraft's Seeking Exoneration from or Limitation of Liability | ) ) ) No.: _____ ) Complaint ) ) |

**COMPLAINT SEEKING EXONERATION OR,
IN THE ALTERNATIVE, LIMITATION OF LIABILITY**

This Complaint of Paradise Parasail, LLC (hereinafter "Paradise Parasail" or "Complainant"), for exoneration from or limitation of liability, in a cause civil and maritime, by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, the Supplemental Rules of Admiralty and Maritime Claims, and LAR (f)(1) and (2) of the U.S. District Court of the District of Maryland's Local Admiralty Rules, respectfully shows as follows:

**THE PARTIES, JURISDICTION & VENUE**

1.  At all times mentioned in this Complaint, Complainant was and now is a limited liability corporation organized and existing under the laws of Maryland, with its principal office located at 12913 Ocean Gateway, Ocean City, Worchester County, Maryland, engaged in maritime commerce.

2.  At all times mentioned in this Complaint, Complainant was and now is the owner of two vessels relevant to the above-captioned action: 1) 2023 BRP US Inc. (Boat No.: MD 8230, LB Hull ID; No.: YDV70542C323 and 2) 2023 BRP US Inc. (Boat No.: MD 7860 LB; Hull ID No.: YDV70544C323) (collectively "the vessels"). The vessels are now, or during the pendency of this action will be, within this District.

3. At all times mentioned in this Complaint, Complainant has used due diligence to make the vessels seaworthy, and the vessels were at the time of commencement of the voyage described below and throughout the course of the voyage, in all respects seaworthy, well maintained, well equipped and fit for the services in which it was engaged.

4. On July 31, 2024, Saurav Ghosh ("Ghosh") was an operator of one of the two vessels in the public navigable waters within Herring Creek and related waters, including the Ocean City Inlet, along with one passenger, his unnamed daughter. Ghosh rented the vessel from Complainant and was the designated operator who assumed the duty of the safe and legal operation of the vessel as well as the safety and actions of the passenger. The second vessel was rented by Saffan Shahid ("Shahid") from Complainant, who was operating the vessel in the same navigable waters as Ghosh. Shahid was the designated operator of the vessel who assumed the duty of the safe and legal operation of the vessel, as well as the safety and actions of any passengers

5. During the course of the voyages of the two vessels, Shahid negligently operated the vessel he rented and failed to keep a safe lookout in the public navigable waters within Herring Creek, causing the two vessels to collide ("accident"). The described accident affected or had the potential to affect and create a hazard for public navigation and maritime commerce.

6. The accident and the potential losses, damages and injuries resulting from that accident were not caused or contributed to by any fault, neglect, design or want of due care on the part of Complainant, or the vessels, or anyone for whom Complainant may be responsible.

7. The accident and the potential losses, damages and injuries resulting from that accident were occasioned and incurred without the privity or knowledge of the Complainant.

8. No civil actions arising out of the voyage have been instituted against Complainant, the vessels, or both.

9. The following claim has been made against Complainant, or anyone the Complaint maybe responsible arising out of the accident of July 31, 2024: On February 17, 2025, Complainant received correspondence from counsel Robert C. Flowers, Marks & Harrison, PC., 1003 K St NW Suite 404, Washington, DC 20001, placing Complainant on written notice of claims being made by Saurav Ghosh and his daughter (unidentified in the correspondence) (collectively "the Potential Claimants"). Complainant has no present knowledge concerning the amounts of these claims.

10. Complainant expects that other claims may be presented and that other actions or proceedings will be commenced against Complainant by persons alleging to have sustained losses, damages, or injuries arising out of the voyage. Potential claimants include the juvenile daughter of Ghosh, who's name and address is unknown.

11. There are no demands, unsatisfied liens, or claims of liens against Complainant or the vessels, in contract or tort or otherwise, arising out of the accident and no actions or proceedings pending on same so far as is known to Complainant, except as above set forth.

12. Complainant received first written notice of the claim arising from the accident herein from the Potential Claimants' counsel on February 17, 2025. This Complaint is filed within six months after Complainant's receipt of that claim.

13. The purchase price for each vessel was $10,900.00 in the Spring of 2023. *See*, attached Affidavit, incorporated herein as Exhibit 1.

14. The nature of the alleged claims for loss, damage and/or injury has an amount that may exceed the value of the Complainant's interest in the vessels on the date of the accident.

15. Complainant claims the benefit of limitation of liability as provided in 46 U.S.C.A. §§ 30505 et seq. and exoneration on liability as provided in 46 U.S.C.A. §§ 30702 et seq. for all losses, damages, and injuries incurred in or consequent to the occurrence of July 31, 2024, on the

PWC, and Complainant alleges that Complainant has valid defenses to such losses, damages, and injuries on the facts.

16. Complainant offers an Ad Interim Stipulation for value totaling the amount of $21,800.00, said amount not less than the Complainant's interest in the value of the vessels on the date of the accident, for payment into the Court whenever the same shall be ordered after motion, as provided for by the aforesaid statute.  *See,* Ad Interim Stipulation, attached hereto and incorporated herein as Exhibit 2.

17. The above allegations are true and within the admiralty and maritime jurisdiction of this court.

**WHEREFORE**, Complainant requests:

1. Issuance of a monition to all persons asserting claims for any and all losses, damages, or injuries occasioned or incurred or arising on or out of the above-described voyage, citing them to file their respective claims with the clerk of this court, and also to appear and answer the allegations of this complaint according to the law and practice of this court, on or before a date to be named in the notice.

2. Issuance of an injunction restraining the further prosecution of all actions or proceedings that have already begun, and the subsequent commencement or prosecution of any other actions or proceedings, against Complainant or the vessels with respect to any claim or claims arising out of or on the above-described occurrence or voyage.

3. Judgment that Complainant is not liable for any losses, damages, or injuries or for any claim arising out of or on the above-described occurrence or voyage; or if Complainant should be adjudged liable, then its liability be limited to the amount or value of Complainant's interest in the vessels.

4. Costs of suit.

5. Such other and further relief as the court deems proper.

>Respectfully submitted,
>
>*/s/ Heather A. Rice*
>
>_____
>Heather A. Rice (Federal Bar # 19584)
>FRANKLIN & PROKOPIK, P.C.
>Two North Charles Street, Suite 600
>Baltimore, Maryland 21201
>Telephone: 410-230-3617
>Facsimile: 410-752-6868
>hrice@fandpnet.com
>*Attorneys for Petitioners*

.