**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

IN THE MATTER OF THE COMPLAINT    *
AND PETITION OF PARADISE PARASAIL,   *
LLC, as a Maryland Limited Liability       *
Company, for Exoneration from and/or     *
Limitation of Liability                   *        Civil Case No.: SAG-25-02119
                                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Limitation Plaintiff Paradise Parasail, LLC ("Limitation Plaintiff") initiated limitation proceedings in this Court relevant to a personal watercraft accident that occurred on July 31, 2024. ECF 1. At the request of Limitation Plaintiff, this Court entered an order enjoining the commencement of any actions against Limitation Plaintiff arising from the July 31, 2024 incident and requiring all claimants to present their claims in this proceeding. ECF 3. Claimant Saurav Kumar Ghosh ("Ghosh"), who alleges he suffered injury in the accident, timely filed a claim and answer in this Court. ECF 9, 10. Limitation Plaintiff filed a counter claim against Ghosh, asserting that Ghosh had signed a release and assumption of risk agreement before the accident. ECF 15, 15-1.

Upon review of motions pending previously before this Court, this Court appointed a Guardian *Ad Litem* to represent Ghosh's daughter ("Minor Claimant" and with Ghosh, "Claimants"). ECF 26, 27. This Court also extended the claims deadline to permit Minor Claimant to file a claim. ECF 31. Currently pending before this Court is Claimants' Joint Motion to Dissolve the Injunction and Stay the Limitation Proceeding, ECF 35. Limitation Plaintiff filed an opposition, ECF 41, and Claimants filed a reply, ECF 42. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Claimants' motion will be granted because they have offered a stipulation that adequately protects the Limitation Plaintiff's limitation rights.

This Court will dissolve the injunction, ECF 3, and stay the limitation proceedings pending disposition of a lawsuit in state court.

## I.    Factual Background

On July 31, 2024, on the navigable waters within Herring Creek near Ocean City, Maryland, two personal watercraft (or "Jet-Skis") collided. One operator, Daniel Tristan Fishman, who was a minor at the time of the accident, caused his Jet-Ski to collide with the Jet-Ski operated by Ghosh and his passenger, Minor Claimant. Ghosh asserts that an Ocean City business operated by Limitation Plaintiff rented the Jet-Skis to Fishman (and Ghosh) as part of a guided tour led by its employees. Ghosh alleges that Limitation Plaintiff failed to ensure that Fishman received the required safety briefing and allowed him to continue operating the vessel after he demonstrated reckless and unsafe behavior prior to the accident. Ghosh also alleges that he sustained severe injuries in the accident, requiring surgery and resulting in some permanent physical and mental impairments.

Following the accident, Ghosh's counsel wrote to Limitation Plaintiff, indicating that Ghosh and Minor Claimant would make claims for injuries sustained in the accident. Limitation Plaintiff then filed its Complaint in this Court, seeking to limit its liability pursuant to maritime law. Its Ad Interim Stipulation for Value (for both vessels) totaled $21,800.00, and Limitation Plaintiff paid that amount to this Court.

In connection with this motion, Claimants, through their counsel, have submitted a five-paragraph stipulation to this Court. Relevant to this motion, the second paragraph reads, "Claimants will not seek, in any action, in any state court or other federal court, any judgment or ruling on the issue of Limitation Plaintiff's right to limitation of liability; and hereby consents [sic] to waive any claims of *res judicata* relevant to the issue of limitation of liability on any judgment

that may be rendered in any state or other federal court." ECF 35-2 ¶ 2. The fifth paragraph reads, "Claimants further stipulate and agree that, in the event that the value of the total claims are limited to the value of the Limitation Fund at the conclusion of the instant action, then the Minor Claimant's claim shall have complete priority over that of Mr. Ghosh's claim, with the full value of the Minor's claim being paid in its entirely [sic] from the Limitation Fund prior to any payment to Mr. Ghosh's claim." *Id.* ¶ 5.

## II.    Legal Standards

Two legal provisions are at issue in this case: the Shipowner's Limitation of Liability Act ("the Limitation Act"), 46 U.S.C. § 30501 *et seq.*, and the "Saving to Suitors clause" contained in 28 U.S.C § 1333(1). The Limitation Act grants a vessel owner the right to limit its liability for damage incurred "without the privity or knowledge of the owner" to the value of the vessel and its pending freight. 46 U.S.C. § 30523. The vessel owner invokes the Limitation Act by filing a complaint seeking limitation in federal district court, under its admiralty jurisdiction. Fed. R. Civ. P. Supp. R.F; 28 U.S.C. § 1333.

The Saving to Suitors clause ensures that claimants in admiralty and maritime proceedings retain some right to pursue their common law claims in their court of choice. The clause states that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

In an effort to reconcile those two somewhat competing provisions, the United States Supreme Court has held that courts should permit claimants to adjudicate their claims against vessel owners in state courts, so long as the court can protect the vessel owner's right to seek limitation of liability in federal court. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). In fact, the Supreme Court has found that a failure to preserve both parties' rights by

3

permitting the claimant to pursue a common law remedy is an abuse of discretion. *See Langnes v. Green*, 282 U.S. 531, 541–42 (1931); *see also Universal Towing Co. v. Barrale*, 595 F.2d 414, 420 (8th Cir. 1979) (concluding that the district court "must dissolve the injunction unless the [vessel] owner can demonstrate that his right to limit liability would be prejudiced" if the case proceeds in state court). In this district, this Court has repeatedly protected the vessel owners' rights by requiring a stipulation from the claimant providing that the district court would retain exclusive jurisdiction over issues pertaining to limitation of liability. *See Matter of Ridgeway*, Civ. No. 22-cv-00475-LKG, 2023 WL 1070465 (D. Md. Jan. 27, 2023); *Matter of Chesapeake Marine Tours, Inc.*, 551 F. Supp. 3d 592 (D. Md. 2021); *Matter of Spirit Cruises, LLC*, Civ. No. ELH-16-4097, 2018 WL 3105063 (D. Md. Feb. 21, 2018).

The Fourth Circuit has approved this procedure in conjunction with a stay of the limitation of liability proceedings. In *Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 206 (4th Cir. 2006), a shipowner appealed the district court's decision to dissolve its injunction and stay its limitation action pending adjudication of the claimant's case in state court. The Fourth Circuit cited the Supreme Court's holding in *Lewis* permitting the claimant to pursue his case in state court and also found that postponing adjudication of the limitation of liability issue fell within the district court's discretion to manage its cases and allowed it to defer an issue that could become moot. *Id.* at 210.

## III. Limitation Plaintiff's Arguments

Limitation Plaintiff asserts four reasons why this Court should not dissolve the injunction and stay the limitation proceeding. ECF 16. This Court addresses each below.

### A. Number of Claimants

Limitation Plaintiff first contends that because *Lewis* limited the ability to stipulate to protect the limitation rights of the shipowner to cases involving a single claimant, that exception

4

does not apply to this case. In this case, there are two claimants, Ghosh and the Minor Claimant. Neither the Supreme Court nor the Fourth Circuit has expressly addressed whether two claimants can offer stipulations to adequately protect the Limitation Plaintiff under *Lewis*, and Limitation Plaintiff suggests that they cannot, particularly in a case where the value of the vessels would be insufficient to pay the multiple claims.

Here, however, Claimants have stipulated to terms that effectively create the functional equivalent of a single claimant. In the fifth paragraph of their stipulation, they agree that the Minor Claimant's claim will have "complete priority" over Ghosh's claim. Ghosh's claim will only be paid should there be a remainder in the Limitation Fund after Minor Claimant has received payment. That joint stipulation eliminates the risk of simultaneous demands against the Limitation Fund and effectively converts Claimants to a single claimant. Moreover, it acknowledges that the total amount of claims paid may not exceed the value of the Limitation Fund.

In so ruling, this Court joins other courts in finding that dissolving the injunction and staying the limitation action can be appropriate regardless of the number of claimants, so long as the "vessel owner's right to seek limitation of liability is protected." *Lewis*, 531 U.S. at 455. Those cases include at least two others in this district. *See Matter of Chesapeake Marine Tours, Inc.*, 551 F. Supp. 3d 592 (D. Md. 2021); *Matter of Mohawk Assocs. & Furlough, Inc.*, 897 F. Supp. 906 (D. Md. 1995).

Limitation Plaintiff makes two other unconvincing assertions regarding the adequacy of the stipulation in general and the fifth paragraph in particular. First, it argues that unlike the stipulation in *Matter of Chesapeake Marine Tours*, the stipulation in this case is signed only by Claimants' counsel, not Claimants themselves. That is a distinction without a difference, as counsel are agents of their clients and owe a duty of candor to the Court. And, at least as to Minor

Claimant, who cannot contract because of her age, the signature of her Guardian *Ad Litem* likely has greater legal enforceability than her own signature.

Second, Limitation Plaintiff suggests that the stipulation fails to use the word "irrevocably" in the fifth paragraph describing the agreed priority of claims. Although the plaintiffs in *Matter of Chesapeake Marine Tours* employed that word in their stipulation, it has no magic effect or legal consequence. The stipulation Claimants offer has no temporal limitation and is therefore binding. Once relied upon by this Court, it is effectively irrevocable whether the word is used or not. This Court therefore finds that the fifth paragraph of the stipulation suffices to protect the limitation rights of Limitation Plaintiff.

### B. Adequacy of Jurisdictional Stipulation

Limitation Plaintiff also contests the adequacy of the second paragraph of the stipulation, suggesting that it does not comport with the Saving to Suitors clause. Limitation Plaintiff argues that "the stipulation as it stands merely protects Limitation Plaintiff from being bound by any judgment," ECF 41 at 10, but that is an overly narrow reading of the stipulation's language. The stipulation precludes Claimants from seeking, in the other action, any ruling on the issue of limitation of liability, and waives any claims of *res judicata* "relevant to the issue of limitation of liability." ECF 35-2 ¶ 2. Limitation Plaintiff appears to read "relevant to the issue" as limited to the issue itself, but a fair reading would bar preclusion arguments in any way affecting (or "relevant to") the subsequent limitation inquiry. As substantially similar language has been deemed adequate by the Fourth Circuit in *Norfolk Dredging,* 439 F.3d at 210–11, and by this Court in *Matter of Chesapeake Marine Tours*, 551 F. Supp. 3d at 597–98, this Court also deems it adequate to protect Limitation Plaintiff's rights in this case.

### C.  Counterclaim

Limitation Plaintiff further argues that it would be improper to dissolve the injunction, because it has asserted a counterclaim relating to a Participant Agreement, Release and Assumption of Risk ("Agreement") Ghosh signed before operating the Jet-Ski. While this Court agrees with Limitation Plaintiff that the federal court can adjudicate the counterclaim, Limitation Plaintiff offers no authority suggesting that the state court cannot. Issues relating to assumption of risk and liability releases are routinely adjudicated in state courts. The fact that this particular question might implicate "the interplay between maritime law and Maryland state law," ECF 41 at 11, does not suggest that the state court would be an improper forum.

In fact, the Savings to Suitors clause recognizes that maritime-related cases can be filed and adjudicated in state court, to permit claimants to pursue their common law remedies. Nothing about this counterclaim suggests otherwise.

### D.  Prejudice

Finally, Limitation Plaintiff argues that it would suffer "great and unfair prejudice" if the instant action is stayed. ECF 41 at 12. But it does not explain how or why. Regardless of where and in what order issues are adjudicated, two primary issues need to be adjudicated: (1) whether Limitation Plaintiff is liable for the alleged injuries suffered by Ghosh and Minor Claimant, and (2) whether the Limitation Act limits the total amount the Claimants can recover to $21,800.00. If the second issue is adjudicated first, it will not spare Limitation Plaintiff from having to defend the liability claims, and there is no reason to believe the state court proceeding will be any more costly than a like proceeding in federal court. Additionally, there is no reason to believe the state court will sever the two Claimant's claims for trial instead of resolving them together.

Finally, Limitation Plaintiff's citation to the purpose of the Limitation Act serves to highlight the distinction between the issue it strove to address and the facts of this case. This case does not involve the "heavy financial commitments the shipping industry requires" or "the hazards of vast, unlimited liability." ECF 41 at 12–13 (citing *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 414 (1954)). It involves an apparently serious Jet-Ski accident, involving three persons, where the value of the claims significantly exceeds the comparatively modest value of the involved watercraft. Nevertheless, the Jet-Ski owner's rights can be fully protected by the Claimants' stipulations. This Court is unpersuaded, then, that any meaningful prejudice will accrue if the limitation proceedings are stayed pending a jury trial in state court.

## IV.    Conclusion

For the reasons set forth above, Claimants' Motion to Dissolve the Injunction and Stay the Limitation Proceeding, ECF 35, will be GRANTED. The injunction at ECF 3 will be dissolved, permitting Claimants to pursue their common-law remedies in a Maryland state or federal court of competent jurisdiction for the damages they suffered in the July 31, 2024 incident. This case will be stayed and administratively closed pending resolution of the state court action. The parties will be required to provide periodic updates to this Court at four-month intervals. A separate Order follows.

Dated: March 18, 2026                                   /s/
                                              Stephanie A. Gallagher
                                              United States District Judge